UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                    Case No. 8:06-CR-108-T-27TGW

**LEMMIE DOZIER**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion to Reduce Sentence According to First Step Act and the United States' Response in Opposition (Dkts. 471, 480). Upon consideration, Defendant's motion (Dkt. 471) is DENIED.

Under Section 404(b) of the First Step Act of 2018, a court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Under Section 404(a), a " 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010." Relevant here, Section 2 of the FSA increased the threshold quantities of *crack cocaine* required to trigger the minimum mandatory penalties for violations of § 841(a).

The United States Probation Office submitted a memorandum recommending that Defendant is not eligible for a sentence reduction because "the offense of conviction is not a 'covered offense' as defined by Section 404." (Dkt. 473). The United States agrees, pointing out that Defendant was convicted of conspiring to possess with intent to distribute and possession of more than five kilograms of a detectable amount of *cocaine*, rather than a cocaine base offense.[1] This court agrees, and finds

---

[1] The jury convicted Defendant of conspiracy to possess with intent to distribute and to distribute more than five kilograms of a mixture or substance containing a detectable amount of cocaine, and expressly found that the

1

that Defendant's offense of conviction is not a "covered offense" as defined in Section 404 of the First Step Act, since the statutory penalties for his offense were not modified by Section 2 or 3 of the Fair Sentencing Act of 2010. As noted, Section 2 of the FSA increased the threshold quantities of crack cocaine offenses, not cocaine offenses. Defendant is therefore not eligible for a sentence reduction under the First Step Act because retroactive application of the Fair Sentencing Act does not reduce the statutory penalties he faced.

Defendant also contends that the First Step Act retroactively modified the types of prior convictions for sentencing enhancements under 21 U.S.C. § 841 and he therefore no longer qualifies for those enhanced penalties. He is mistaken. As the United States correctly points out, Section 401 of the First Step Act, which amended and modified the types of qualifying prior convictions for enhancements under 21 U.S.C. § 841(b)(1)(A), applies to offenses that were "committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, Pub. L. No. 115-391, § 401. Since Defendant was sentenced before enactment of the First Step Act, by the plain language of the Act, the modifications do not apply. And the modifications to § 841 are not retroactive.[2]

**DONE AND ORDERED** this 31st day of July, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

quantity involved was five kilograms or more (Dkt. 230).

[2] Section 401(c) states: "Applicability to pending cases: This section, and the amendments made by this section, shall apply to any offense that was committed before the enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." See First Step Act of 2018, Pub. L. No. 115-391, § 401.