UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                              Case No: 8:06-cr-108-T-27TGW

LEMMIE DOZIER
_____/

ORDER

**BEFORE THE COURT** is Defendant Dozier's *pro se* "Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Dkt. 498). A response is unnecessary. The motion is **DENIED**.

Dozier stands convicted of conspiracy to possess with intent to distribute and to distribute more than five kilograms of a mixture or substance containing a detectable amount of cocaine. (Dkt. 303). He was sentenced to 240 months imprisonment, followed by 120 months of supervised release. (Id. at 2-3). His conviction and sentence were affirmed on appeal. (Dkt. 377); *United States v. Dozier*, 265 F. App'x 893 (11th Cir. 2008). This Court denied his motions to reduce sentence (Dkts. 454, 455, 483), and denied a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, *see Dozier v. United States*, Case No. 8:09-cv-148, ECF Doc. 11).

Dozier now seeks a sentence reduction based on what he contends are "extraordinary and compelling reasons." (Dkt. 498 at 1). He asserts that he has asthma and an immune system deficiency from smoking, and that these conditions "put his life at risk from COVID-19 infection." (Id.). He further asserts "given his ailments and the [Bureau of Prisons ("BOP")] inability to provide treatment, a COVID infection necessarily proves more dangerous and risky to cause a permanent

1

injury." (Id). As a result, he requests a reduction in sentence to time served. (Id. at 9). His contentions, however, are without merit.

The First Step Act amended § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Dozier asserts and provides documentation reflecting that he filed a request with the warden more than 30 days ago and that the request was denied. (Dkt. 498 at 3; Dkt. 498-3 at 2-3). Accordingly, his motion for compassionate release can be considered.

While section 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1. None of Dozier's contentions fall within application notes (A)-(D). Although he provides BOP medical records reflecting that he suffers and suffered from various health issues (Dkt. 498-2), he does not assert or provide documentation demonstrating that he suffers from a terminal illness or that his medical

2

conditions substantially diminish his ability to provide self-care. *See* § 1B1.13, cmt. n.1(A)(ii); *see United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020).

In sum, none of Dozier's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are therefore not consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, this Court is without authority to grant relief, and the motion for compassionate release is **DENIED**.

**DONE AND ORDERED** this 17th day of August, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant. Counsel of Record